FILED

FEB 2 6 2008

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JAMES ERNESTI, | \* | CIV. 06-4252 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | GRANTING SUMMARY |
| CITY OF SIOUX FALLS, SOUTH DAKOTA, | \* | JUDGMENT MOTION (DOC. 19) |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

James Ernesti has exhausted his remedies with the Equal Employment Opportunity Commission and has been issued a right to sue notification from the EEOC. Mr. Ernesti alleges the City of Sioux Falls refused to hire him for a full time position for which he was qualified because of his age. He claims the refusal to hire him was a violation of the Fair Labor Standards Act, 29 U.S.C. § 621. The City has filed a motion for summary judgment (Doc. 19). The City has supported the motion with a Statement of Material Facts (Doc. 20), a Memorandum (Doc. 21), and the Affidavit of Jennifer Holsen (Doc. 22). The City also filed an affidavit of counsel attaching various portions of deposition transcripts (Doc. 23).

Mr. Ernesti has opposed the summary judgment motion by filing a Memorandum (Doc. 25), Response to Statement of Material Facts (Doc. 27), Statement of Material Facts (Doc. 28), and the Affidavit of James Ernesti (Doc. 29). Mr. Ernesti also filed an affidavit of counsel attaching portions of deposition transcripts (Doc. 26).

In rebuttal the City filed a Reply (Doc. 31), Objections to Ernesti's Statement of Material

Facts (Doc. 32), Statement of Material Facts (Doc. 33), and Affidavit of Jennifer Holsen (Doc. 34).

Oral argument was received at the pre-trial conference which occurred on January 28, 2008.

## JURISDICTION

This lawsuit is pursued under 29 U.S.C. § 621 *et. seq*, the Age Discrimination in

Employment Act (ADEA). Jurisdiction exists pursuant to 28 U.S.C. § 1331.

## UNDISPUTED FACTS

Mr. Ernesti is over the age of 40. The City has established thee retirement plans for its full-

time employees— an Employee's Retirement System, comprised of two plans, and a Firefighter's

Pension Fund. The two plans in the Employee's Retirement System are a General Division and a

Police Division. Each plan and each division has its own respective benefit structure, age and

service eligibility, and contribution levels. During his full time employment with the City from 1977

to1998, James Ernesti was a member of the General Division of the Employee's Retirement System.

In 1998, Ernesti elected early retirement. In June of 1998, he began receiving monthly retirement

benefits from the Employee's Retirement System General Division. Since 1999, Mr. Ernesti has

been employed by the City as a non-civil service temporary employee. He was a temporary traffic

service worker performing essentially the same work he performed before his retirement as a full

time worker. He was not eligible to participate in a city retirement plan as a temporary worker, but

he was able to continue drawing his retirement benefits from his earlier full time employment with

the City. In 2005, Plaintiff applied for a full-time position as a traffic service worker. He emerged

from the interview process as the preferred candidate. Mr. Ernesti was told later by the City that he

2

was not eligible to be hired for the full time position because he was a retiree who was drawing pension benefits from a city retirement plan.  The city hired a younger person for the position.

## DISCUSSION

**A.    Summary Judgment Standard.**

"Summary judgment is appropriate if the evidence, viewed in the light most favorable to [plaintiff] and giving him the benefit of all reasonable inferences, shows there is no genuine issue of material fact. . . .  The party opposing summary judgment cannot rest solely on the pleadings, but instead must set forth specific facts showing there is a genuine issue of material fact for trial.  Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment."Morgan v A.G. Edwards & Son, Inc., 486 F.3d 1034, 1039 (8th Cir. 2007)(internal quotation marks and citations omitted).  ". . . [S]ummary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based.  Summary judgment should not be granted unless the evidence could not support any reasonable inference of discrimination." Keatherly v. Ameritech Corp., 187 F.3d 915, 918 (8th Cir. 1999)(internal quotation marks and citations omitted).

**B.    Mr. Ernesti's Claims.**

James Ernesti asserts the city was wrong when it claimed that its pension rules render him ineligible to be rehired for a full time position.  He asserts he was told that it is mandatory for a full time employee to be a member of the retirement Plan, but the Plan does not allow a person who is receiving benefits from the retirement Plan to be a member.  He asserts that he was the preferred candidate for the full time position following the interviews.  The Plan, Ernesti argues, is neutral

3

about re-hired persons becoming members of the Plan, i.e. the Plan neither prohibits nor allows. It simply does not address the issue, according to plaintiff. Ernesti argues that the city could have rehired him to a full time position, but used the retirement Plan as a pretext for the real reason— that it wanted to hire a younger person for less money. Ernesti asserts the city could have put him back into the Plan as a full time employee and adjusted their actuarial accounting, or established a new account for his new, full time employment and left the already existing account as a separate account. Ernesti asserts there is nothing in the Plan or the City ordinances which prohibits any employee from having two separate pension accounts. Further, Ernesti argues, it would be a simple matter of minimal paperwork to establish a second pension account to accommodate hiring him as a full time employee. That the city's regulations prevent it from hiring him for the full time positions is not a legitimate nondiscriminatory reason for not hiring him because "the regulations say no such thing," according to Mr. Ernesti's argument.

C.   **City's Claims**.

The City claims membership in the retirement Plan is mandatory for full time employees. Upon retirement, however, membership in the Plan ceases, according to the City. Further, according to the City, one ceasing to be a member of the Plan as a result of retirement and drawing benefits from the Plan cannot be reinstated to membership in the Plan because there is no City ordinance which permits that. The City justifies its position by asserting that when a member takes early retirement an actuary calculates the total of the reduced benefits to be drawn from the Plan by the retiree and a reserve is established "to make sure the contributions amounts are insured (sic)." According to the City, no ordinance authorizes the suspension or recalculation of benefits in the

4

event of re-employment of a retiree who is already receiving benefits from the same Plan that he would be required to join upon becoming a full time employee again. The City argues there is a safe harbor regarding employment decisions which are based on a nondiscriminatory early retirement Plan.

### D.   Analysis.

"The ADEA prohibits employers from discriminating against individuals on the basis of age with regard to their compensation, terms, conditions, or privileges of employment." Morgan v A.G. Edwards & Son, Inc., 486 F.3d 1034, 1039 (8th Cir. 2007) and 28 U.S.C. § 623(a)(1).  Plaintiff makes a single argument that there is age discrimination— that the City's reliance upon the Plan to disqualify him from being rehired for the full time position is a phony reason.  While it is true the City hired a younger person who was less preferred than plaintiff, there is no direct evidence to support the claim of age discrimination except plaintiff's claim itself.  There are no age related comments or documents.  A plaintiff may attempt to prove a  claim of age discrimination by one of two methods: (1) direct evidence or (2) indirect evidence. Morgan, 486 F.3d 1034 at 1042.  "Direct evidence refers to the causal strength of proof, meaning such evidence must be strong enough to show a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the employment decision." Morgan at 1042 (internal quotation marks and citations omitted).  A plaintiff attempting to use the method of proof by direct evidence, in other words, must present some direct evidence that the City's decision not to rehire was influenced by age.  Such evidence could be comments that one was "too old," that one was "70 1/2 years of age," or that "a younger person" was desired. See Lee v. Rheem, 432 F.3d 849, 853 (8th Cir. 2006)(internal citations

omitted).

**1.     Direct Evidence.**

Mr. Ernesti does not argue there is direct evidence to support his claim.  Rather, he relies

upon the alternate three stage proof scheme established in McDonnell Douglas v. Green, 411 U.S.

792, 93 S.Ct. 1817 (1973).

**2.     Indirect Evidence.**

The Eighth Circuit has approved the McDonnell Douglas indirect method of proof. Roxas

v. Presentation College, 90 F.3d 310, 315 (8th Cir. 1996). Under the burden shifting analysis of

McDonnell Douglas Mr. Ernesti can attempt to prove age discrimination by inference.  He has the

burden to prove a prima facie case at the first stage. Reynolds v. Land O'Lakes, Inc., 112 F.3d 358,

361 (8th Cir. 1997).  Then the City bears the burden to articulate a legitimate, nondiscriminatory

reason for its hiring decision (the burden of persuasion does not shift). Reynolds at 358.  Then the

burden shifts back to the plaintiff to establish that the City's proffered reason is merely a pretext for

discrimination. Reynolds at 358.

a.     Prima facie case.  At the first stage of the McDonnell Douglas scheme of proof, Mr.

Ernesti must establish a prima facie case.  To do so Mr. Ernesti must prove he is a person qualified

for the job, among other matters.  The City argues he was not a person qualified for the full time

position because he ceased to be a member of the City's retirement Plan when he elected early

retirement.  As a result, the City asserts,  he is not allowed to be both a retiree/nonmember of the

Plan collecting benefits and a full time employee/member of the Plan participating in it.  Plaintiff

counters that the qualification requirement means only that he needs to prove he is capable of

performing the job functions.  Ernesti claims he has proven the qualification factor as a result of his

6

selection as the preferred candidate following the interview process and as a result of his having currently performed the same job functions as a temporary employee. The City argues the qualification requirement means he needs to prove not only that he can perform the functions of the job, but also that he is otherwise qualified to be hired for the job. Mr. Ernesti's burden to establish a prima facie case is not a heavy burden. See Sloat v. Rapid City Area School District No 51-4, 393 F.Supp.2d 922, 930, (D.S.D 2005). Indeed, some courts in the Second Circuit presume plaintiffs to have satisfied the prima facie stage of the McDonnell Douglas method of proof. Devlin v. Transportation Communications International Union, 2002 WL 413919, *7 (S.D.N.Y). The Eighth Circuit likewise has assumed plaintiff to have satisfied the prima facie case requirement. Lee v. Rheem Manufacturing Company, 432 F.3d 849, 854. In any event under the circumstances of this case, whether Mr. Ernesti was or was not a person qualified for the position collapses into the consideration of pretext at the third stage of the McDonnell Douglas method of proof, so the issue will not be addressed further and it will be assumed that Mr. Ernesti has established a prima facie case at stage one of the McDonnell Douglas procedure. It is established that Mr. Ernesti is a person older than 40 years of age, that he is a member of a protected group, and that a younger person was hired for the full time position even though Mr. Ernesti emerged from the interviews as the preferred candidate.

      b.    The Nondiscriminatory Reason.

At the second stage the City is obliged to articulate a legitimate nondiscriminatory reason for nor hiring Mr. Ernesti. The City's reason is that Mr. Ernesti took early retirement in 1998 and is already receiving benefits from the same Plan in which he would be required to be a member as a full time employee. The Plan provides that one who receives benefits from the Plan ceases to be

a member of the Plan.  So, the City told Mr. Ernesti he was not eligible to be hired for the full time position because he could not both be a retiree drawing benefits from the Plan and a participating member of the Plan.  The City has articulated a legitimate, nondiscriminatory reason for its hiring decision.

      c.   <u>Pretext</u>

At the third stage Mr. Ernesti carries the burden to come forward with evidence that the City's proffered reason is pretext, i.e. to mask the real, age motivated reason.  Ernesti's "burden will not be met by simply showing that the reason advanced by the employer was false; rather, [Ernesti] must demonstrate that a discriminatory animus lies behind the [City's] neutral explanations." <u>Roxas v. Presentation College</u>, 90 F.3d 310, 316.  <u>See, Cobb v. Anheuser Busch, Inc.</u>, 793 F.Supp. 1457, 1483 (E.D.Mo. 1990)(plaintiff who proceeds under disparate treatment theory bears burden of proving that her different treatment was the result of a discriminatory motive).  In other words, Mr. Ernesti must identify some material fact about which there is a genuine dispute which must be decided by a jury in order to avoid summary judgment.  He carries the burden to come forward with some evidence tending to prove the City's explanation is not true. <u>Pignato v. American Trans Air, Inc.</u>, 14 F.3d 342, 349 (7th Cir. 1994).  The conclusory allegation that the City's reliance on the Plan is a phony reason is not enough.  "Beyond his own allegation, [Ernesti] fails to provide any evidence sufficient to withstand a motion for summary judgment. . . ." <u>Morgan</u> 486 F.3d 1034, 1044.  Also <u>See also, Sloat v. Rapid City Area School District No 51-4</u>, 393 F.Supp.2d 922, 932 (". . . a plaintiff cannot always survive summary judgment in an age discrimination case merely by relying upon the *prima facie* case and production of evidence showing pretext.").  In <u>Sloat</u> Judge Bogue observed:

> A court may decide the evidence is insufficient for a reasonable jury to infer discrimination even though the plaintiff creates a factual dispute with respect to the issue of pretext. . . .  Sloat can avoid summary judgment only if the evidence

> considered in its entirety (1) creates a fact issue as to whether the employer's proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision.

Sloat at 932 (internal quotation marks and citations omitted).  Mr. Ernesti has alleged that the proffered reason is bogus because the City's ordinance and the Plan do not prohibit Mr. Ernesti from participating in it and at the same time receive retirement benefits from it. He asserts the city, with minimal effort, could establish two separate accounts for him.  He asserts the city could recalculate his retirement account. Because they refused to do so, he concludes their motivation was prohibited age discrimination.  Those facts do not raise an inference of age discrimination.  ". . . Courts do not review the wisdom or fairness of employers' business judgments, other than to determine whether they involve intentional unlawful discrimination." Lee v. Rheem, 432 F.3d 849,  854.  Even if a judge

> suspects that a job applicant was victimized by poor selection procedures it may not second-guess an employer's personnel decision absent demonstrably discriminatory motive. . . . [T]he issue is not the correctness or desirability of the reasons offered . . . but whether the employer honestly believes in the reasons it offers.  It is not enough for the plaintiff to show that a reason given for a job action is not just, or fair, or sensible. He must show that the explanation given is a phony reason.

Fischbach v. District of Columbia Department of Corrections   , 86 F.3d 1180,1183 (D.C. Cir. 1996)(internal quotations and citations omitted.) See also E.E.O.C. v. Sperry Corporation, 852 F.2d 503, 509 (10th Cir. 1988)("ADEA does not protect against generally unfair business policies, however objectionable; the act proscribes only discriminatory practices"). The record evidence does not create an inference of age discrimination. There is no evidence tending to show the City did not honestly believe the reason it gave for not hiring Mr. Ernesti. "Evidence, not contentions, avoids summary judgment." Sloat, 393 F.Supp.2d 922 at 933 quoting Haas v. Kelly Services, Inc., 409 F.3d 1030, 1036 (8th Cir. 2005).

9

The Supreme Court has ruled that the ADEA prohibits only employment decisions actually motivated by age and does not prohibit employment actions based on other factors, like pension status, seniority, and wage rate, that are empirically correlated with age. Hazen Paper v. Biggins, 507, U.S. 610, 611 (1993). "Whatever the employer's decisionmaking process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome." Hazen at 611. The City's hiring decision was not discriminatory as it was not based on age, but was based on status relating to the pertinent retirement Plan. See Devlin v. Transportation Com. Int'l Union, 2002 WL 413919, * 10 (S.D.N.Y. 200) (granting summary judgment to employer finding decision affecting only retirees was not discriminatory as it was not based solely on age, but was based on employment status). The City's decision can fairly be described as a business decision, as was the case in Sloat. Sloat at 933.

## CONCLUSION

The City is entitled to summary judgment in its favor as a matter of law because there is not a genuine issue about a material fact. The City has articulated a legitimate, nondiscriminatory reason for not hiring Mr. Ernesti. Mr. Ernesti has not identified any evidence tending to prove the proffered reason was a pretext for age discrimination.

It is ORDERED that defendant's motion for summary judgment (Doc. 19) is GRANTED.

Dated this **26** day of February, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge

10